# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-00134-01/17-CR-W-GAF |
| | ) | |
| RENE LUGO-BARCENAS, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

On November 14, 2019, the Grand Jury returned a Superseding Indictment naming 17 defendants. (Doc. No. 40) Various continuance motions have been filed, with the most recent order setting the case for trial on the November 30, 2020 trial docket. (Doc. No. 241) Of the original 17 defendants, only six remain for trial.

Counsel for the Government now moves to continue the case to the January 4, 2021 trial docket. Counsel states that several defendants have upcoming change of plea hearings, two of which are scheduled to occur during the November 30, 2020 trial docket. Counsel has indicated that additional time will allow those defendants who have yet to reach a plea agreement to continue to negotiate to possibly resolve their cases without a trial. Counsel also indicates that an essential witness for the Government is undergoing surgery, and that the witness will not be fully recovered in time for trial. The witness would be able to attend a trial if absolutely necessary, but a continuance would give said witness additional time to recover. Counsel for the Government indicates that counsel for the remaining Defendants and the Defendants themselves have no objection and in fact join this motion for continuance.

In any case in which a plea of not guilty is entered, the defendant's trial shall commence within seventy days from the filing of the information or indictment or the date of the defendant's first appearance, whichever comes last. 18 U.S.C. § 3161(c)(1) (Speedy Trial Act). In computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any delays resulting from a continuance granted at the request of the Government or a defendant are excludable provided the Court finds the ends of justice served by the taking of such action outweigh the best interests of the public and the defendant in a speedy trial and the Court sets forth the reasons for such finding. *See* 18 U.S.C. § 3161(h)(7)(A).

Given the issues outlined above, the Court finds that it would be unreasonable to expect counsel to prepare this case adequately for trial prior to January 4, 2021, and that failure to grant a continuance would deny counsel for all parties the reasonable time necessary for effective preparation, and thus, would deny the defendants the right to effective assistance of counsel. The Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendants in a speedy trial.

For these reasons, it is

**ORDERED** that the motion for continuance, (Doc. No. 274), is granted. This case is removed from the Joint Criminal Trial Docket which commences on November 30, 2020 and is set for trial on the Joint Criminal Jury Trial Docket which commences on January 4, 2021. It is further

**ORDERED** that a pretrial conference is set for December 16, 2020. The time of the conference will be provided later. It is further

**ORDERED** that the time between the date of this Order and January 15, 2021, the last day of the January 4, 2021 Joint Criminal Jury Trial Docket, shall be excluded in computing the time within which this trial must commence pursuant to 18 U.S.C. § 3161(h).

**IT IS SO ORDERED.**

                                                      /s/ *Jill A. Morris*
                                                    JILL A. MORRIS
                                     UNITED STATES MAGISTRATE JUDGE

DATED:    October 27, 2020